UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RENO RONDEAU,<br><br>Defendant. | 24-CR-50182-CCT<br><br>**PRETRIAL RULINGS** |

Consistent with the Court's oral rulings made during the February 2, 2026 pretrial conference, the Court enters the following written rulings and orders.

1. **Notice of intent to introduce expert witness testimony.** The government filed notices of its intent to call expert witnesses Derek Hill, Docket 33, Dr. Donald Habbe, Docket 34, Stacey Smith, Docket 35, and Ryan Noble, Docket 36. At the pretrial conference, the government indicated that based on the stipulation filed at Docket 63, it does not intend to call Stacey Smith. Mr. Rondeau does not object to the government's notices as to Mr. Hill, Dr. Habbe, or Mr. Noble. Therefore, the testimony noticed by the government at Dockets 33, 34, and 36 is admissible, and Mr. Hill, Dr. Habbe, and Mr. Noble may testify within the bounds of the respective notices.

2. **Notice of intent to introduce evidence pursuant to Rule 609(a).** At the pretrial conference, the government withdrew its notice as it relates to evidence of two convictions that were over

1

ten years old. Docket 37. As it pertains to the remaining conviction from 2015 noticed in Docket 37, Mr. Rondeau does not object to the use of this evidence for impeachment should he testify at trial. Therefore, the Court finds that the 2015 felony conviction for driving under the influence – third offense, in Brown County, Fifth Judicial Circuit, File No. 06CRI14-000318 identified in Docket 37 is admissible under Rule 609(a) to impeach should Mr. Rondeau testify.

3. **Notice of intent to introduce evidence pursuant to Rule 404(b).** In its pretrial filings at Dockets 38 and 39 and as clarified at the pretrial conference, the government noticed its intent to present evidence, through the testimony of Mr. Rondeau Sr. and his daughter Mercy Rondeau, that in 2017, Mr. Rondeau intentionally set fire to objects piled around a tree in the yard of Mr. Rondeau Sr.'s residence and threw burning debris toward the same house that burned down in the case at hand. The government asserts this evidence is relevant to prove identity, lack of mistake or accident, and intent, noting its view that the evidence at trial will establish Mr. Rondeau was upset that Mr. Rondeau Sr. had the house rather than him and further that he had made threats near the time of the charged offenses to burn down Mr. Rondeau Sr.'s home.

Mr. Rondeau objects to the admission of the 2017 incident. Docket 47. He argues that it is remote in time and not sufficiently similar because the 2017 incident involved a tree while the alleged offenses involved an occupied home. He also asserts that the evidence is not relevant to show intent because the alleged threats were close in time to the charged offenses rather than close in time to the 2017 incident. Further, he claims that the evidence is not relevant because his identity, whether he knows

how to start a fire, and whether he was present are not in dispute.

Under Federal Rule of Evidence 404(b)(1), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, such other acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "The evidence must be 1) relevant to a material issue; 2) similar in kind and not overly remote in time to the charged crime; 3) supported by sufficient evidence; and 4) such that its potential prejudice does not substantially outweigh its probative value." *United States v. Williams*, 308 F.3d 833, 837 (8th Cir. 2002). Importantly, "Rule 404(b) is a rule of inclusion, prohibiting only evidence that tends solely to prove the defendant's criminal disposition." *United States v. Young*, 753 F.3d 757, 768 (8th Cir. 2014) (citation omitted). Exclusion of evidence under Rule 404(b) is generally reserved for "when the evidence clearly ha[s] no bearing on the case and [is] introduced solely to show defendant's propensity to engage in criminal misconduct." *United States v. Walker*, 428 F.3d 1165, 1169 (8th Cir. 2005).

After considering the factors, the Court finds that the 2017 incident is relevant to a material issue at trial. It further finds that while the 2017 incident occurred approximately 7 years ago and differs in kind because it involved burning items by a tree and not burning an occupied home, it is neither overly remote nor too dissimilar to the charged offenses given the scope of the

anticipated testimony identified by the government from Mr. Rondeau Sr. and his daughter Mercy. The Court considers in particular that the victim is the same—Mr. Rondeau Sr.—in both incidents, that both incidents occurred at the location of Mr. Rondeau Sr.'s home, and that Mr. Rondeau threw burning items toward Mr. Rondeau Sr.'s home during the 2017 incident. Also, the Court finds that sufficient evidence may be provided to support the 2017 incident by a preponderance of the evidence through the testimony of Mr. Rondeau Sr. and his daughter Mercy. Finally, the Court has examined whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. As the Eighth Circuit has acknowledged, "all Rule 404(b) evidence is inherently prejudicial." *United States v. Jackson*, 856 F.3d 1187, 1192 (8th Cir. 2017) (quoting *United States v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006)). However, the Court finds that the potential prejudice does not substantially outweigh the probative value of the evidence.

The Court concludes that evidence of the 2017 incident is admissible. The Court notes that it can give the jury a limiting instruction not to use this evidence as proof of the acts charged. *See United States v. Cameron*, 99 F.4th 432, 436 (8th Cir. 2024) (noting that "the district court diminished the danger of any unfair prejudice by issuing an appropriate limiting instruction").

4. **Notice of intent to introduce evidence pursuant to Rule 801(d)(2)(A).** At the pretrial conference and in Docket 50, Mr. Rondeau does not object to the government's notice at Docket 40 to introduce his out-of-court verbal threat that he would burn down Mr. Rondeau Sr.'s home, so long as that out-of-court statement is admitted through testimony of a witness who heard the statement. To the extent the government introduces Mr.

Rondeau's verbal threat through testimony of a witness who heard the threat, the evidence noticed at Docket 40 is admissible.

5. **Notice of intent to introduce evidence pursuant to Rule 803.** The government noticed its intent to introduce statements made by Mr. Rondeau Sr. outside his residence on October 19, 2024. Docket 41. The government claims the noticed statements are admissible under Rule 803(1) as a present sense impression, Rule 803(2) as an excited utterance, and Rule 803(3) as his then-existing mental, emotional, or physical condition. In Docket 41 and at the pretrial conference, the government noted that it will lay a proper foundation for the admission of the hearsay statements at trial prior to introducing the statements themselves. The Court therefore reserves ruling on the admissibility of these noticed statements until trial.

6. **Undisclosed Discovery.** At the pretrial conference, the parties indicated that the subject of this motion in limine at Dockets 45 and 46 has been resolved and no ruling by the Court is necessary.

7. **Exculpatory Hearsay.** Mr. Rondeau does not object; therefore, the Court grants this motion in limine at Dockets 45 and 46.

8. **Sequestration of Witnesses.** Mr. Rondeau does not object; therefore, the Court grants this motion in limine at Dockets 45 and 46 and makes its ruling reciprocal.

9. **Motion to Dismiss Count 2**. Mr. Rondeau moves to dismiss Count 2, which alleges assault with intent to commit arson. Docket 67. He argues that it fails to state an offense because the statute criminalizes an assault to perpetrate arson, and one cannot assault someone in perpetration of arson. The government objects. Docket 70.

An indictment survives a motion to dismiss for failure to state an offense if "the indictment contains a facially sufficient allegation." *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001). Further, "[a]n indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Steffen*, 687 F.3d 1104, 1109 (8th Cir. 2012) (quoting *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993)).

Count 2 in the indictment alleges that "[o]n or about October 19, 2024, in Indian country, in the District of South Dakota, the defendant, Reno Rondeau, an Indian person, did assault John Rondeau, Sr., with intent to commit arson, all in violation of 18 U.S.C. § 113(a)(2) and 1153." Docket 58. Taken as true, the conduct alleged in the indictment describes conduct prohibited by 18 U.S.C. § 113(a)(2), as that statute is written broadly enough to encompass a scenario where a defendant assaults someone with the intent to commit arson. In reaching this determination, the Court considers the elements of the offense as identified in the Eighth Circuit Pattern Criminal Jury Instruction 6.18.113(1)-(2). The Court also notes that Mr. Rondeau has not cited case law in support of his argument. The Court denies Mr. Rondeau's motion to dismiss Count 2 at Docket 67.

Dated February 3, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE
